**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGBIR SINGH SANDHU,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 09-70733<br><br>Agency No. A098-146-318<br><br>MEMORANDUM* |
| JAGBIR SINGH SANDHU,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 09-73762<br><br>Agency No. A098-146-318 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 18, 2014[]
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and MARTINEZ, District Judge.[***]

Jagbir Singh Sandhu (Sandhu) filed two petitions for review that we later consolidated. The first petition concerns the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of Sandhu's asylum, withholding of removal, and Convention Against Torture (CAT) claims. The second petition concerns the BIA's denial of Sandhu's motion to reopen.

Regarding his asylum and withholding of removal claims, Sandhu argues that the IJ implicitly found him not credible. But the BIA determined that the IJ assumed Sandhu was credible. Sandhu also argues that the IJ did not individualize the analysis of changed country conditions with respect to Sandhu's specific situation. But the BIA recognized and affirmed the IJ's individualized analysis of Sandhu's claims affected by changed country conditions shown in the country reports. Sandhu further argues that the evidence that he introduced contradicted the findings in country reports on which the government relied to rebut the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ricardo S. Martinez, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

presumption of a well-founded fear of future persecution. But the BIA was entitled to weigh and to credit other evidence in the record, such as what was said in the country reports.

Substantial evidence supports the BIA's determination rejecting the asylum claim because the IJ properly concluded that the government rebutted the presumption of a well-founded fear of future persecution under 8 C.F.R. §§ 1208.16(b)(1)(i)(B). *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005). And because withholding of removal requires a "clear probability" of persecution on account of a protected ground, a standard more demanding than that for asylum claims, the withholding of removal claim fails as well. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

Regarding his CAT claim, Sandhu argues that the IJ did not properly consider evidence related to that claim. However, as the BIA recognized, the IJ considered all of the evidence in the record, including everything Sandhu submitted. Sandhu had the burden to show "that it is more likely than not that [Sandhu] would be tortured if removed to the proposed country of removal." *Sowe*, 538 F.3d at 1288 (internal quotations omitted); *see* 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the BIA's decision affirming the IJ's denial of

Sandhu's CAT claim because he did not show a probability of torture upon return to India. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

Finally, Sandhu argues that the BIA abused its discretion by denying his motion to reopen because it engaged in impermissible fact-finding and because it improperly found that Sandhu failed to establish that he warranted discretionary relief. These arguments fail. While the BIA is not permitted to make credibility determinations on motions to reopen, it need not accept without corroboration an affidavit alleging "inherently unbelievable" facts. *See Ghadessi v. INS*, 797 F.2d 804, 806 (9th Cir. 1986); *see also Hamid v. INS*, 648 F.2d 635, 637 (9th Cir. 1981) (affirming denial of motion to reopen predicated on inherently unbelievable facts). But Sandhu's motion to reopen alleged facts that were inherently unbelievable. The agency previously had credited his first story that he crossed into the United States in Washington State by jumping a ditch. In the motion to reopen Sandhu claims to have entered with inspection in California. Sandhu cannot have initially entered the United States in both the State of Washington and in California. Because Sandhu in one story or the other was not honest with the agency, the BIA reasonably concluded that he would not be entitled to the discretionary grant of relief sought even if he had made out a *prima facie* case of eligibility. *See INS v. Abudu*, 485 U.S. 94, 105 (1998) (holding that the BIA may determine that the

4

movant would not be entitled to discretionary relief without first considering *prima facie* eligibility).

The petitions for review are DENIED.